IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KERNEISHA BAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-078 |
| | ) | |
| AUGUSTA UNIVERSITY; THE BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA; GLENN POWELL; DEBRA ARNOLD; ANTOINETTE LEWIS; RICKEY MOSLEY, JR.; and MARC DOUGLAS GLENN, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this employment discrimination action. Because she is proceeding IFP, Plaintiff's Complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

## I. COMPLAINT ALLEGATIONS

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows hereinafter explained. In developing this factual background, the Court also relies on the exhibits Plaintiff attached to and referenced in her Complaint.[1]

---

[1] See Madura v. Bank of Am., N.A., 767 F. App'x 868, 870 (11th Cir. 2019) (explaining district court may consider exhibits attached to complaint when ruling on motion to dismiss); McClure v. Oasis Outsourcing II, Inc., 674 F. App'x 873, 875 (11th Cir. 2016) (finding district

Augusta University hired Plaintiff to work at its dental college on April 9, 2007, and "despite having served in three different positions, [she] was discriminated against throughout her employment, to include race, religion, gender, and age discrimination." (Doc. no. 1, ¶ 1.) The discrimination increased in frequency when Leonard Simmons began working at the dental college as Director for Patient Services in May 2015. (Id. ¶ 2.) Plaintiff worked at the dental college as a Patient Care Coordinator, and Mr. Simmons was her supervisor. (Doc. no. 1-2, Ex. A; doc. no. 1-3, Ex. B.)

Plaintiff sought to engage in mediation with Mr. Simmons on several occasions, and in February 2017, they mediated a dispute concerning religious accommodation with Equal Employment Opportunity Officer Glenn Powell. (Doc. no. 1, ¶ 3.) As memorialized in an email from Mr. Simmons dated February 8, 2017, the mediation resulted in Mr. Simmons granting permission for Plaintiff to take extended lunch breaks every Wednesday and display unspecified religious objects in her office. (Doc. no. 1-2, Ex. A.)

Citing an e-mail chain dated March 1 and 2, 2017, and attached as Exhibit B, Plaintiff alleges "an instance of retaliatory behavior" by Mr. Simmons in which his supervisor, Frank Caughman, "failed to intervene." (Doc. no. 1, ¶ 4.) The email exchange concerns a directive Mr. Simmons issued to all Patient Care Coordinators to limit their workday to eight hours for the purpose of minimizing overtime pay. (Doc. no. 1-3, Ex. B.) Copying Mr. Simmons' supervisor on an email to Mr. Simmons, Plaintiff pointedly raised her concerns about the impact this directive had, from her perspective, on the quality of services she could render to

---

court did not err in considering three exhibits incorporated by reference into amended complaint); La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) ("In analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially

dental college students if she was forced to end meetings abruptly at 5:00 p.m., for instance. (Id.)  The emails do not evidence any adverse employment action taken by Mr. Simmons against Plaintiff, but the exchanges are tense.  (Id.)  Mr. Simmons objected to the tone and substance of Plaintiff's original email, and Plaintiff replied by accusing Mr. Simmons of creating a hostile work environment "detrimental to [her] well-being . . . ." (Id.)

On February 14, 2018, Plaintiff suffered an unspecified workplace injury she claims, without explanation, was "a result of a retaliatory act on the part of Mr. Simmons" and caused her to be placed on leave under the Family Medical Leave Act ("FMLA") from October 19, 2018 to January 4, 2019.  (Doc. no. 1, ¶ 5.)  On January 17, 2019, ten days after returning to work, Plaintiff requested a meeting with Employee Relations Director Debra Arnold.  (Id. ¶ 6.)  Plaintiff does not allege why she requested the meeting, whether it occurred, what action she requested, if any, and what action was taken, if any.

Five months later, on June 3, 2019, Plaintiff requested extended leave.  (Id. ¶ 7.)  By letter dated July 24, 2019, Antoinette Lewis, Employee Relations & Americans with Disability Act ("ADA") Coordinator, issued an ADA Accommodation Determination that (1) denied Plaintiff's request for a new supervisor; (2) granted Plaintiff's request to be placed on unpaid leave for the purpose of Plaintiff "remediat[ing] the issues [she] was experiencing which prevented [her] from being able to perform [her] essential job functions"; and (3) granting Plaintiff the ADA accommodation of "reassignment to another position."  (Doc. no. 1-4, Ex. C.)  Ms. Lewis explained the ADA process for reassignment would begin on July 25, 2020 and last for thirty days, which comported with the opinion of Plaintiff's treating

---

noticed.").

physician that she would be able to return to work on August 26, 2019. (Id.) Ms. Lewis instructed Plaintiff to "contact Jacob Usry in Talent Acquisition to identify a position for reassignment." (Id.)

On July 30, 2019, Plaintiff met with Mr. Usry, as Ms. Lewis instructed, and Mr. Usry told Plaintiff to apply for as many vacant positions as possible. (Doc. no. 1, ¶ 10.) Plaintiff did and, on August 12, 2019, interviewed for an unspecified job at Rains Hall. (Id. ¶ 11.) When Plaintiff told Ms. Lewis about this interview, Ms. Lewis explained Plaintiff "should not interview and compete for a position under the reassignment but would instead be 'placed' in a new role." (Id.) For the next two weeks, Plaintiff continued to search for a new position while remaining in contact with Ms. Lewis. (Id. ¶ 12.)

On August 26, 2019, Plaintiff met with Ms. Lewis and Debra Arnold, Employee Relations Director. (Id.) Ms. Arnold presented Plaintiff with available positions, but Plaintiff alleges they "paid less money and/or would not assist in helping [her] have a sense of normalcy despite her disabilities." (Id. ¶ 13.) Plaintiff does not describe her alleged disabilities or explain why they rendered her unable to perform the offered positions. Two of the positions were within the dental college and apparently would not require Plaintiff to work with Mr. Simmons, but the mere thought of "returning to that building" caused Plaintiff to experience anxiety. (Id. ¶ 14.) At the August 26th meeting, Plaintiff, in turn, presented Ms. Arnold and Ms. Lewis with "several other comparable positions for which she believed she was qualified; however, Ms. Arnold informed [Plaintiff] the positions were 'not available.'" (Id. ¶ 12.) Plaintiff attached an exhibit comprised of job descriptions for the positions she presented to Ms. Arnold, which are as follows: (1) Clinic Support Specialist, pay grade 10; (2) Student Records Coordinator, pay grade 12; (3) Human Resources

4

Coordinator, pay grade 12; and (4) Admissions Counselor, pay grade 15. (Doc. no. 1-5, Ex. D.) Plaintiff thought about it overnight and phoned Ms. Lewis to decline the positions Ms. Arnold presented to her. (Id. ¶ 15.)

By letter dated September 12, 2019, Robin Reyes, Director of Business Operations for the dental college, terminated Plaintiff's employment with Augusta University as a Patient Care Coordinator. (Doc. no. 1, ¶ 17; doc. no. l-6, Ex. E.) Ms. Reyes explained Plaintiff's twelve weeks of leave expired on June 6, 2019, and her thirty-day reassignment period ended without a job reassignment. (Doc. no. l-6, Ex. E.) The attached Separation Notice listed the reason for separation as "failure to return from leave." (Id.)

Ms. Lewis followed up with a more detailed letter the next day, the focus of which recounted the history and failure of the job reassignment effort. (Doc. no. 1-7, Ex. F.) The letter included the following chart listing five positions presented to Plaintiff by Ms. Arnold during their meeting on August 16, 2019, and the reasons Plaintiff declined four out of the five, with the fifth position being withdrawn because a manager determined Plaintiff did not satisfy the basic job qualifications:

| Job Opening | Response | Reason |
|---|---|---|
| 216884-DCG-Clinic Support Specialist GPR PG 12 | Declined | You indicated that you felt the environment would have an effect on your health |
| 216231- DCG- Financial Coordinator- PG 10 | Declined | Pay grade significantly lower than your current where you (sic) |

| Job Opening | Response | Reason |
|---|---|---|
| 216355-MCG Admissions Counselor-PG 15 | Declined | Position requires travel. |
| Not Posted-JAG Access Control Specialist-PG 14 | Declined | You indicated that you felt the environment would have an effect on your health. |
| 216911-Alumni Affairs Coordinator-PG 14 | Position of Interest | Resume reviewed by management who informed us that you did not meet the basic qualifications. |

(Id.)  Plaintiff alleges this chart contains an error in its description of the Clinic Support Specialist position, but she does not describe the error.  (Id. ¶ 17(s).)  The chart details four positions offered to Plaintiff at pay grades of 12, 10, 15, and 14, respectively.  Plaintiff criticizes Ms. Lewis for offering positions at pay grades 10 and 12 because these jobs "fail[] to distinguish between Plaintiff's job group and pay grade, . . . as previous PCC position was pay grade 15."  (Id. ¶ 17(h).)

> The concluding paragraphs of Ms. Lewis's letter provide as follows:
>
> The end goal was to work with you to identify a position that would allow you to remain gainfully employed with Augusta University.  However, you have been offered (4) [sic] positions for which you have declined thereby ending the Interactive Process for Re-assignment.
>
> The process for re-assignment under the ADA guidelines was noncompetitive and did not require that you apply for positions.  Going forward if you are interested in any position with AU, you will be required to apply and compete for those jobs.

(Doc. no. 1-7, Ex. F.)

On February 18, 2020, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"), outlining the failed job reassignment effort and alleging she was "discriminated against because of [her] disability, in violation of Title I of the Americans with Disability Act of 1990, as amended." (Doc. no. 1-8, Ex. G.) The charge does not describe her alleged disability or explain the basis for her belief of discrimination. The EEOC issued a right to sue notice on March 29, 2020, and Plaintiff timely filed this suit on June 10, 2020. (Doc. no. 1-9, Ex. H.) The Complaint contains generalized allegations Defendants violated Title VII, the ADA, the Rehabilitation Act, and the Fourteenth Amendment. (Doc. no. 1, ¶¶ 18-24.) For relief, Plaintiff requests reinstatement to an equivalent position, compensatory damages, and punitive damages. (Id. at 9.)

## II.  DISCUSSION

### A.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.     Augusta University Is a Not A Proper Party**

Augusta University is not a proper party because it operates solely as a unit of the Board of Regents of the University System of Georgia and, therefore, cannot sue or be sued in its own capacity. See McCafferty v. Med. Coll. of Ga., 287 S.E. 2d 171, 174 (Ga. 1982),

*overruled on other grounds by* Self v. City of Atlanta, 377 S.E. 2d 674 (Ga. 1989) (dismissing Medical College of Georgia as a defendant because power to sue and be sued is vested in Board of Regents); Bd. of Regents of the Univ. Sys. of Georgia v. Doe, 630 S.E. 2d 85, 87 (Ga. Ct. App. 2006) ("Georgia Tech is not a separate or distinct legal entity from the Board and, therefore, cannot sue or be sued in its own capacity.").

### C. Plaintiff Fails to State a Claim Against Defendants Mosley, Glenn, and Powell Because She Alleges No Wrongful Acts or Omissions

To state a valid claim, Plaintiff must specify the acts or omissions by each named defendant and explain how those acts and omissions caused the harm about which she complains. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Because Plaintiff's only mention of Defendants Mosley and Glenn is in her defendant list, she fails to state a claim against them. (Doc. no. 1, p. 2.) Plaintiff's sole allegation against Defendant Powell is that, while mediating a dispute between Plaintiff and Mr. Simmons, he failed to further investigate her claim Ms. Lewis mishandled the reassignment process. (Id. ¶ 16.) Failing to investigate an employee dispute to the degree one of the parties believes is necessary is not actionable and fails to state a claim of any nature.

### D. Plaintiff Fails to State a Claim Against Defendants Mosley, Glenn, Powell, Arnold, and Lewis Because There is No Individual Capacity Liability Under Title VII, ADA, and the Rehabilitation Act

Plaintiff has brought her claims against not only her employer, the Board of Regents of the University System of Georgia, but also against individual Defendants Mosley, Glenn,

9

Powell, Arnold, and Lewis. However, the relief granted under Title VII, the ADA, and Rehabilitation Act is against the employer, not individual employees who purportedly violate the Act. See, e.g. Badillo v. Thorpe, 158 F. App'x 208, 211 (11th Cir. 2005) (holding there is no individual capacity liability under ADA or Rehabilitation Act); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not the individual employees whose actions would constitute a violation of the Act."). Thus, individual capacity suits under Title VII, the ADA, and Rehabilitation Act are inappropriate, and the only proper defendant is the employer or supervisory employees in their official capacities as agents of the employer. Busby, 931 F.2d at 772.

To the extent Plaintiff names Defendants Glenn, Mosley, Powell, Arnold, and Lewis in their official capacities as supervisory employees, her claims are redundant because she has already named her past employer, the Board of Regents of the University System of Georgia. See Reid v. City of Alma, No. CV 511-092, 2013 WL 791844, at *10 (S.D. Ga. Mar. 4, 2013) (holding official capacity claims against individually named defendants under Title VII redundant where plaintiff also sued employer); Moss v. W & A Cleaners, 111 F.Supp.2d 1181, 1187 (M.D. Ala. 2000) ("[W]hile official-capacity suits against an employer's agents are proper, such suits are unnecessary where a plaintiff has also sued the employer. In other words, if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action."). Thus, Plaintiff's Title VII, ADA, and Rehabilitation Act claims against Defendants Mosely, Glenn, Powell, Arnold, and Lewis, in either capacity, are inappropriate and redundant and they should be dismissed.

### E. Plaintiff Fails to State a Title VII Claim Because There Is No Allegation of Discrimination Based on Race, Religion, Gender, or Age

In the opening paragraph of the Complaint, Plaintiff alleges she was "discriminated against through her employment, to include race, religion, gender, and age discrimination." (Doc. no. 1, ¶ 1.) There are, however, no supporting facts in the Complaint to suggest any discrimination based on race, religion, gender, or age. Instead, the facts alleged in the Complaint concern, at most, a claim for disability discrimination under the ADA and Rehabilitation Act. Accordingly, Plaintiff fails to set forth any factual allegations "rais[ing] a right to relief above a speculative level." Twombly, 550 U.S. at 555. Plaintiff's Title VII claims should be dismissed.

### F. Plaintiff Fails to State a Claim for Discrimination Under the ADA and Rehabilitation Act

In order to state a claim for discrimination under the ADA and Rehabilitation Act, a plaintiff must allege he or she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his or her disability. Shepard v. United Parcel Serv., Inc., 470 F. App'x 726, 728 (11th Cir. 2012); Boyle, 866 F.3d at 1288. "'The standard for determining liability under the Rehabilitation Act is the same as that under the ADA.'" Boyle v. City of Pell City, 866 F.3d 1280, 1288 n.5. (11th Cir. 2017) (quoting Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005)). The Complaint fails to allege facts that satisfy any of the three elements.

#### 1. The Complaint Fails to Allege a Disability

With respect to the first element, the ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an

11

impairment." 42 U.S.C. § 12102(1). A disability, for purposes of the Rehabilitation Act, is "a physical or mental impairment that constitutes or results in a substantial impediment to employment." 29 U.S.C. § 705(9)(B).

The Complaint allegations provide no basis for the Court to determine whether Plaintiff is disabled under either definition. Plaintiff never describes her disability, but instead merely alleges an unspecified health condition required her to take an extended leave of absence from work and rendered her unable to work with Mr. Simmons or anywhere inside the dental college building. (Doc. no. 1, ¶¶ 5, 7, 15.) These facts provide no basis for the Court to determine the nature of Plaintiff's impairment, much less whether it substantially limits one or more of the major life activities or substantially impairs employment, whether there is a record of such an impairment, or whether she has been regarded as having such an impairment. The conclusory nature of the disability allegations requires dismissal.[2]

### 2. The Complaint Fails to Allege Facts Showing Plaintiff is a Qualified Individual

The Complaint also fails to satisfy the second element by proffering facts to establish Plaintiff is a "qualified individual." Under the ADA, "[a] 'qualified individual with a disability' is an 'individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such

---

[2] See Andrews v. City of Hartford, 700 F. App'x 924, 927 (11th Cir. 2017) (holding plaintiff's conclusory statement he was fired because of disability was insufficient to state discrimination claim); Sutton v. Lader, 185 F.3d 1203, 1209 (11th Cir. 1999) ("The mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate that the employer regarded the employee as disabled."); Cribbs v. NFI Network Logistic Sols., LLC, No. CV411-263, 2014 WL 4805328, at *6 (S.D. Ga. Sept. 26, 2014) (finding plaintiff was not regarded as disabled where plaintiff failed to "indicate Defendant viewed [him] as disabled to

individual holds or desires.'" Gordon v. E.L. Hamm & Assocs., 100 F.3d 907, 911 (11th Cir. 1996) (quoting 42 U.S.C. § 12111(8)).  Thus, a person who is not able to perform the essential functions of a job even with a reasonable accommodation is not a qualified individual and, therefore, not covered by the ADA.  See Davis v. Florida Power & Light Co., 205 F.3d 1301, 1305 (11th Cir. 2000).  Essential functions are "the fundamental job duties of the employment position" but do not include "the marginal functions of the employment position."  29 C.F.R. § 1630.2(n)(1).  Thus, in order to assess whether Plaintiff was a "qualified individual," the Court must first determine the essential functions of the job she applied for, and then turn to whether she could perform those functions.

The problem, however, is Plaintiff provides no description of her essential job functions nor any information to determine whether she could perform those functions with or without reasonable accommodation.  Indeed, Plaintiff unabashedly claims her unspecified disability rendered her unable to work in any job within the dental college building.  (Doc. no. 1, ¶ 14.)

### 3. The Complaint Fails to Allege Facts Showing Unlawful Discrimination in the Form of Failure to Accommodate or Unlawful Discharge

Plaintiff generally claims unlawful discrimination in the form of unlawful termination and failure to accommodate, but the Complaint fails to allege facts sufficient to establish either type of unlawful discrimination.

---

such a point that he was unable to perform his duties.").

### a. Unlawful Termination

Plaintiff asserts her employment was terminated because of her disability, in violation of the ADA and the Rehabilitation Act. Because Plaintiff has not presented any direct evidence of discrimination, the Court must analyze her claim under the framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Wright v. Southland Corp., 187 F.3d 1287, 1293 (11th Cir. 1999); See Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007) ("Under the controlling law in this Circuit, the burden-shifting analysis of Title VII employment discrimination claims is applicable to ADA claims.") (citation and internal punctuation omitted).

As the third element in her prima facie case, Plaintiff must allege she was subjected to unlawful discrimination because of her disability. Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1193 (11th Cir. 2004). The Complaint fails to allege facts showing Plaintiff was terminated from her position because of her disability or her disability was a "determinative factor" in the termination decision. Farley v. Nationwide Mutual Ins. Co., 197 F.3d 1322, 1334 (11th Cir. 1999); Andrews, 700 F. App'x at 926-27. On the contrary, the exhibits attached to the Complaint show Augusta University terminated Plaintiff's employment because she used all her available leave time and failed to return to work.

By letter dated September 12, 2019, Ms. Reyes terminated Plaintiff's employment with Augusta University as a Patient Care Coordinator. (Doc. no. 1, ¶ 17; doc. no. l-6, Ex. E.) Ms. Reyes explained Plaintiff's twelve weeks of leave expired on June 6, 2019, and her thirty-day reassignment period ended without a job reassignment. (Doc. no. l-6, Ex. E.) The attached Separation Notice listed the reason for separation as "failure to return from leave." (Id.) While Plaintiff blames Defendants for failing to accommodate her unspecified

14

disability by finding her a more suitable position to her liking, these allegations also fail to state a claim as explained below.

### b.     Failure to Accommodate

"[A]n employer's failure to reasonably accommodate a disabled individual itself constitutes discrimination under the ADA, so long as that individual is 'otherwise qualified,' and unless the employer can show undue hardship." Holly v. Clairson Industries, L.L.C., 492 F.3d 1247, 1262 (11th Cir. 2007). Plaintiff bears the burden of identifying an accommodation and showing the accommodation would allow her to perform the essential functions of the job in question. Boyle, 866 F.3d at 1289.

The primary thrust of Plaintiff's Complaint is Defendants failed to offer her the reasonable accommodation of transferring to another job located outside of the dental college building and outside the scope of Mr. Simmons' supervision. Reasonable accommodation may include reassignment or transfer to a vacant position for which the employee is qualified, but an employer has no duty to promote an employee or create a new position. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001); see also Willis v. Conopco, Inc., 108 F.3d 282, 284 (11th Cir. 1997) ("Reassignment to another position is a required accommodation only if there is a vacant position available for which the employee is otherwise qualified.").

The Complaint and exhibits establish conclusively Augusta University provided a reasonable accommodation by offering Plaintiff four vacant positions. Plaintiff rejected all four because they "paid less money and/or would not assist in helping [her] have a sense of normalcy despite her disabilities." (Doc. no. 1, ¶ 13.) One of the four positions offered was

at Plaintiff's current pay grade of fifteen, but Plaintiff rejected this position because it required too much travel. (Doc. no. 1-7, Ex. F.) Because Plaintiff never specifies the nature of her alleged disability, the Complaint fails to allege Plaintiff's disability rendered her unable to travel. Whether travel affected Plaintiff's "sense of normalcy" is not the legal question, but instead whether her disability rendered her unable to travel as the position required.

While the other three positions offered by Plaintiff's employer were at lesser pay grades of ten, twelve, and fourteen, Plaintiff herself concedes she presented three positions of interest at lesser pay grades of ten, twelve, and twelve. (See doc. no. 1-5, Ex. D.) That Plaintiff rejected the positions her employer offered to her places the failure of this interactive process squarely on her shoulders, and an employer cannot be liable for failure to accommodate if a failure in the process is attributable to the employee. See Kassa v. Synovus Fin. Corp., 800 F. App'x 804, 809 (11th Cir. 2020) ("When an employee fails to satisfy his burden of identifying an accommodation that would be reasonable, . . . no liability attaches to the employer for failing to engage in an 'interactive process.'").

Plaintiff alleges she found a vacant Admissions Counselor position at her same pay grade of fifteen, but Ms. Arnold informed Plaintiff the position was "not available." (Id. ¶ 12.) Plaintiff offers no facts suggesting the position was, in fact, vacant or she was qualified for the position. More importantly, it is undisputed Defendants offered her one position at the same pay grade that she declined because it required a lot of travel. Nothing in the ADA or Rehabilitation Act suggests an employer must accede to the employee's demands for transfer to a particular position the employee prefers. Instead, the employer must act reasonably by offering a position at the same pay grade, if available and if the

employee is qualified, and may even offer inferior positions, with lower pay or benefits, if there are no vacant positions with similar or higher pay. See Wilkerson v. Shinseki, 606 F.3d 1256, 1265 (10th Cir. 2010) (finding offer to position with lower pay or benefits "satisfies the employer's duty to accommodate if there are no reasonable accommodations either in the old job or in another vacant lateral position."); Joelson v. Dep't of Veterans Affairs, 177 F. Supp. 2d 967, 971 (D.N.D. 2001) (recognizing promotion is not required and demotion is permissible if, among other things, there are no other vacant positions); Lodderhose v. Viacom Cable, Inc., No. C 96-4282 SI, 1998 WL 57025, at *9 (N.D. Cal. 1998) (explaining "defendant was under no obligation to ensure that plaintiff was transferred to a position with identical pay and benefits . . . if there was no vacant position."). Defendants satisfied their duty by offering Plaintiff a new position at her same pay grade, and Plaintiff's decision to reject this offer cannot form a claim under the ADA or Rehabilitation Act.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's Complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 16th day of October, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA